IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ESTEBAN RIVERA-LEBRON

Petitioner

vs

UNITED STATES OF AMERICA

Respondent

Cr 00-131 (CCC)

CIVIL 04-1881CCC

# ORDER

## I. INTRODUCTION

This matter is before the Court upon Petitioner Esteban Rivera-Lebrón's Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255 (**docket entry 1**). Upon pleading guilty to one count of conspiracy to distribute and possess with the intent to distribute in excess of one kilogram of heroin, Petitioner was sentenced to 262 months of imprisonment and 5 years of supervised release as to Count One of the Superseding Indictment, and was ordered to pay a special monetary assessment of $100.00. For the reasons stated below, Petitioner's application to vacate his conviction and sentence pursuant to 28 U.S.C. §2255 is DENIED.

## II. BACKGROUND

On September 27, 2000, a federal grand jury in the District of Puerto Rico returned a three count superseding indictment against Petitioner Rivera-Lebrón and three others. Petitioner was charged only in Count One for conspiracy to possess with the intent to distribute more than one kilogram of heroin, a Schedule I Controlled Substance, all in violation of 21 U.S.C. §846. Subsequently, Petitioner filed a Motion for Change of Plea and further requested that criminal case number 00-0131CCC be consolidated with criminal case number 00-0917JAG. Such consolidation request was denied (Cr. 00-0131, docket entry 102).

On June 29, 2002, before U.S. Magistrate Judge Aida Delgado-Colón, petitioner Rivera-Lebrón pled guilty to a single count of conspiracy to possess with the intent to distribute heroin. (Cr. 00-0131, docket entry 114). On August 21, 2002, this Court adopted the Magistrate's Report and Recommendation and accepted Petitioner's plea of guilty. (Cr. 00-0131, docket entry 122).

At a hearing held on July 12, 2002, this Court imposed on Petitioner a sentence of 262 months imprisonment, followed by five years of supervised release, and a special monetary assessment of $100.00. (Cr. 00-0131, docket entry 188).

Petitioner appealed his conviction and sentence, contending that he should have been held accountable for only 125 grams of heroin rather than for one kilogram and that the Court misapplied the career offender guidelines to him. On August 13, 2003, the First Circuit dismissed Petitioner's appeal in its entirety. The Court of Appeals upheld the Petitioner's sentencing after being held responsible for holding one kilogram of heroin. The Court of Appeals noted that Petitioner's argument was forfeited for failure to challenge that part of the presentence report which provided that Petitioner was responsible for personally handling one kilogram of heroin. As to Petitioner's argument with respect to the alleged misapplication of the career offender guidelines, the Court of Appeals also noted that Petitioner's challenge failed on the merits.

On August 25, 2004, Petitioner timely filed the instant motion, seeking to challenge his conviction and sentence. Petitioner Rivera-Lebrón sets forth essentially three grounds to support his Petition. First, he argues that his conviction and sentence are contrary to the holdings of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed2d 435 (2000) and Blakely v. Washington, 542 U.S. –, 124 S.Ct. 2531, 159 L.Ed.2d (2004). Petitioner reasserts an issue unsuccessfully raised on appeal, namely, that he should have been held responsible at sentencing for only 125 grams of heroin, not one kilogram. Second, Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel because

he allegedly was not competent to plead guilty and his counsel failed to request a competency hearing. Third, Petitioner challenges the application of the career offender guideline. This issue was also already considered and rejected on appeal.

## III. DISCUSSION

A. Legal Standard under 28 U.S.C. §2255 and Procedural Default

Under 28 U.S.C. §2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." See, 28 U.S.C. §2255. A motion under §2255 is not a substitute for direct appeal and presents higher standards that a petitioner must clear to bring a claim. United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed2d 816 (1982). Once a defendant's chance to appeal has been exhausted, there is a presumption that the conviction is fair and final. Id. Moreover, a §2255 motion may not be used to relitigate an issue that was raised and considered on direct appeal without some highly extraordinary circumstance, such as an intervening change in the law. Davis v. United States, 417 U.S. 333, 345, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

A procedurally defaulted non-constitutional issue, an issue not raised at trial or on direct appeal, is waived and may only be raised on collateral review by a §2255 motion when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice. Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). Further, procedurally defaulted constitutional claims will not be heard without a showing of both cause which excuses the default, and actual prejudice resulting from the claimed errors. Id. at 358; Frady, 456 U.S. at 167-68.

In this respect, the existence of cause to excuse a procedural default is dependent upon the petitioner's ability to show that some objective factor external to the defense impeded

compliance with the procedural rules. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986). A showing that the factual or legal basis for a claim was not reasonably available to counsel or that interference by some officials made compliance with the procedural rules impracticable, would constitute cause under this standard. Strickler v. Greene, 527 U.S. 263, 283, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

A showing of prejudice must be made along with the adequate showing of cause. Reed, 512 U.S. at 358. In order to show prejudice, the petitioner must show a reasonable probability that the result of the trial would have been different had the claimed errors, which were procedurally defaulted, not occurred. Strickler, 527 U.S. at 289-90.

B. Ineffective Assistance of Counsel

The U.S. Supreme Court has articulated a two-pronged test to evaluate claims of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, the Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms" and (2) that there is a reasonable probability that but for counsel's unprofessional performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 687-88. Under the first prong of the Strickland test, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. This prong is not satisfied unless the Court is persuaded that an attorney's actions were objectively unreasonable. To evaluate counsel's effectiveness, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing norms." Strickland, 466 U.S. at 688. The Court is bound to apply this standard "in light of all circumstances [in the case]." Id., at 690.

If Petitioners meets the first prong of the Strickland test, he then must establish "that the deficient performance [of counsel] prejudiced the defense." Id. The second prong of the

Strickland test demands that Petitioner affirmatively "shows that there is a reasonable possibility that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Id. at 694. In other words, where a Petitioner establishes counsel's incompetence, the Petitioner must still meet the second prong of the test, Strickland, 466 U.S. at 687, and show that he was prejudiced by counsel's actions. Id. at 693-94. There must be a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To make this determination, the Court "must consider the totality of the evidence before the judge or jury." Id. at 695. It is not enough for the Petitioner to show that counsel's error had "some conceivable effect" on the outcome of the case; there must be a showing that the decision reached would reasonably likely have been different." Strickland, 466 U.S. at 693, 696.

C. Merits of §2255 Claims

1. Issues related to Offense Charged

Petitioner Rivera-Lebrón's first argument is in connection with the offense charged. He claims that counsel stipulated with the Government that he should be held responsible for one kilogram of heroin. However, his assertion is incorrect inasmuch as he entered a straight plea to the offense charged. See, C.O.P., Tr. p. 13. More important, this claim was already decided and rejected on appeal. Petitioner knows this and recasts this claim as a ground for finding that his counsel was ineffective. The Court rejects Petitioner's attempt to recast this error claim as a claim of ineffective assistance of counsel in this proceeding.

We shall briefly examine Petitioner's claim. Petitioner argues that he is entitled to relief under 28 U.S.C. §2255 because his counsel did not advise him that under the rulings in Apprendi and Blakely he was entitled to have the jury determine the quantity of drugs. These cases, however, are inapplicable to Petitioner's sentence. For the benefit of discussion, we shall

briefly discuss the trilogy of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed2d 435 (2000), Blakely v. Washington, 542 U.S. –, 124 S.Ct. 2531, 159 L.Ed.2d (2004) and United States v. Booker, – U.S. –, 125 S.Ct. 738 (2005).

In Blakely, which involved a guilty plea entered in the State of Washington, the Supreme Court invalidated a sentence imposed by the trial court after finding that the punishment exceeded the statutory maximum applicable to the facts admitted by the defendant. See, Blakely, 124 S.Ct. at 2537-38. In doing so, the Blakely Court applied the rule in Apprendi v. New Jersey, supra, which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id., 530 U.S. at 490. Before Blakely, every federal circuit court of appeals had held that Apprendi did not apply to Sentencing Guideline calculations based on judicial fact findings, so long as the sentence was imposed within the statutory maximum as determined by the United States Code. In Booker, however, the Supreme Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in Blakely. Booker, 125 S.Ct. at 749. Specifically, the Supreme Court in Booker held that the mandatory character of the Sentencing Guidelines was incompatible with the Sixth Amendment right to a jury trial. Id., 125 S.Ct. at 749-50. Accordingly, and in line with Blakely, the Supreme Court in Booker extended the holding in Apprendi with the following modification: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id., 125 S.Ct. at 756.

Petitioner is not entitled to relief under Apprendi, Blakely, and Booker for more than one reason. His reliance in these holdings is misplaced as none of them applies retroactively on collateral review. Like Blakely, Booker is not retroactive. See McReynolds v. United States, 397 F.3d 479, 480 (2nd Cir.2005), cert. denied, 2005 WL 1105926 (U.S. June 6, 2005)

(holding that Booker does not apply retroactively to collateral proceedings under §§2255); see also Guzmán v. United States, 404 F.3d 139, 140 (2nd Cir.2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir.2005). None of the announced guideline-related rules have been applied retroactively to cases on collateral review. See Schriro v. Summerlin, ---U.S. ---, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), where the Supreme Court concluded that the new requirements in Ring v. Arizona, 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which, like Blakely and Booker, applied Apprendi principles, do not apply retroactively to cases on collateral review. Schriro v. Summerlin, 124 S.Ct. at 2526; Varela v. United States, 400 F.3d at 867.

Furthermore, notwithstanding his protestations, Petitioner entered a knowing and intelligent plea. Although he now claims to have not been told about the possible sentence that he faced, that contention is contradicted by the record. At the change of plea hearing on June 29, 2002, Petitioner acknowledged his awareness of the possible sentence as well as the drug amount for which he was responsible. The following colloquy, conducted by the Court, took place:

> THE COURT: In Count 1 you are being charged with the possession, illegal possession with intent to distribute one kilo of heroin. When we talk about drug offenses, the penalties to which the person is exposed is determined by the amount of drugs and also by the nature or type of the substance. In here we have one kilo or more of heroin as charged in the indictment, and the substance we already mentioned is heroin. So what is the penalty under the law the Judge can impose upon you; do you know?
>
> THE DEFENDANT: As said before from ten years to life.

C.O.P., Tr. p. 11.

Petitioner's assertion that he was not informed as to the possible consequences of his plea, therefore, is baseless. Furthermore, Blakely does not apply to "facts admitted by the defendant." United States v. Stearns, 387 F.3d 104, 107-108 (1st Cir. 2004). The fact that Petitioner admitted to drug quantities is enough to remove this case from Blakely's potential reach. See, C.O.P., Tr. pp. 24-25. Thus, Petitioner's claim is without merit.

2. Petitioner's Competency to Plead Guilty

Again, the second ground that Petitioner Rivera-Lebrón presents is an ineffective assistance of counsel claim based on counsel's failure to file a request for a competency hearing after Petitioner allegedly lost mental stability resulting from the death of his five-month old daughter at the hands of her stepfather. This allegation is not only invalid but contradicted by the record. Indeed, the competency hearing issue was considered and rejected by this Court. Petitioner, however, did not raise this issue on appeal. Therefore, the issue is procedurally defaulted.

Notwithstanding the Petitioner's frivolous argument, in its Response to Petitioner's Motion under 28 U.S.C. §2255, the Government correctly pointed out that Petitioner pled guilty on June 29, 2001. The reason which allegedly caused his mental instability was his daughter's death, which occurred on August 25, 2001. Thus, Petitioner had already pled guilty prior to the time of his daughter's death. More important, on September 25, 2001, Petitioner requested a psychiatric examination to determine his mental competency. (Cr. 00-0131, docket entry 140). This Court granted Petitioner's request and ordered the psychiatrist to report the result of the mental examination. (Cr. 00-0131, docket entries 142, 148, 149). Finally, on April 16, 2002, Petitioner filed a Motion Requesting Final Determination on Mental Competence where it was informed that Petitioner was stable and able to communicate with counsel. For that reason, and based on the psychiatrist findings, counsel stated that "the matter of mental competency should be declared resolved." (Cr. 00-0131, docket entry 171). Consequently, on April 22, 2002, this Court entered an Order finding that Petitioner was not suffering from a mental disease or defect which could render him mentally incompetent to be able to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Cr. 00-0131, docket entry 172).

Contrary to Petitioner's unsubstantiated allegations, there is no indication that counsel's representation fell below the threshold of reasonableness. Petitioner Rivera-Lebrón has failed to

articulate any alleged mistake that in any way prejudiced his defense. Consequently, Petitioner fails to state a claim for ineffective assistance of counsel or show that relief is warranted under §2255.

3. Application of Career Offender Guideline

Petitioner asserts that the district court erred in determining that he was a career offender under U.S.S.G. §§4B1.1. Petitioner essentially restates the same argument set forth in his direct appeal.

A §2255 motion is "neither a recapitulation nor a substitute for a direct appeal." Olmstead v. United States, 55 F.3d 316, 318 (7th Cir. 1995). Accordingly, §2255 petitions cannot raise: (1) issues that were raised on direct appeal absent a showing of changed circumstances, (2) non-constitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal unless the petitioner demonstrates cause for the procedural default and actual prejudice from the failure to appeal. United States v. Escobar-de Jesus, 187 F.3d 148, 159-162 (1st Cir.1999); Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir.1994). As stated, the appellate court considered the argument raised by Petitioner Rivera-Lebrón and rejected it. See, United States v. Rivera-Lebrón, Appeals Docket No. 02-2051; 03-1085. The First Circuit, in disregarding the Petitioner's U.S.S.G. §4B1.1 argument, held that "[a] careful review of the Pre-sentence Report shows that appellant's previous convictions were for aggravated assault and attempted distribution of marihuana. Those felony convictions qualify appellant as a career offender. See U.S. Sentencing Guidelines Manual, §4B1.1." Id. Petitioner Rivera-Lebrón has not asserted that a factual or legal change compels another look at the issue previously adjudicated by the First Circuit. The Court declines to revisit this issue.

## IV. CONCLUSION

Petitioner Esteban Rivera-Lebrón's habeas relief under 28 U.S.C. §2255 (**docket entry 1**) is DENIED and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 is DISMISSED WITH PREJUDICE.

SO ORDERED.

At San Juan, Puerto Rico, on November 29, 2005.


                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge